[Civ. No. 1177.   Second Appellate District.—December 30, 1912.]

## F. W. STEVENS, Respondent, v. LOS ANGELES DOCK & TERMINAL COMPANY (a Corporation), Appellant.

CONTRACT TO PURCHASE LAND—PROVISION FOR IMPROVEMENTS NOT COMPLETED IN TIME—WAIVER OF THIRD PAYMENT—CONSTRUCTION—VALIDITY—EFFECT.—A contract to purchase land which contains a provision for improvements to be made within a specified time, and if not so completed, the third payment should not be required, is a reasonable provision for a fair apportionment of the purchase price; and it is not invalid and unenforceable either as an attempt to liquidate the damages, in violation of section 1670 of the Civil Code, nor as a penalty, which would prevent specific performance of the contract under section 3369 of the Civil Code. It is in effect an agreement to sell property in an incomplete condition for a fixed price, with an option to make improvements within a specified time, which, if done by the seller, an additional price was to be paid therefor, which makes the payment of the purchase price in full.

ID.—SPECIFIC PERFORMANCE OF CONTRACT BY TWO PURCHASERS—NONJOINDER OF ONE WHO HAD RECEIVED HIS SHARE OF LOTS—ABSENCE OF DEMURRER FOR NONJOINDER—ADMISSION OF PLEADINGS.—That the contract of purchase was with two vendors, yet as it is admitted by the pleadings that one of the purchasers had received his share of the lots sold, and there was an absence of a demurrer for nonjoinder of such party, as coplaintiff in the action for specific performance, the court was warranted in granting the decree of specific performance in favor of the plaintiff alone.

ID.—SPECIFIC PERFORMANCE OF CONTRACT FOR SEVERAL LOTS—SALE OF ONE LOT BY PLAINTIFF—DECREE CONFIRMING TITLE.—Though the plaintiff had sold one of the lots which is covered by the decree confirming the title to all of the lots in the plaintiff, the effect of such decree is to confirm the title of such purchaser to the lot so conveyed.

ID.—UNDER TERMS OF CONTRACT ENFORCED, DAMAGES NOT RECOVERABLE. Under the construction of the contract as determined by the court, no claim for damages could be considered. The purchasers took only the uncompleted property, and the making of the improvements was optional with the seller, who failed to avail himself of

such option, and the same could not be a basis for damages. The finding of the court as to the value of the improvements made and the damages incurred by the delay may be ignored for want of evidence to sustain the same. When the time had elapsed for making the improvements which were to be made, the only claim enforceable is for the reasonable value of the property, which was the price and sum to be paid therefor.

APPEAL from a judgment of the Superior Court of Los Angeles County.   F. E. Densmore, Judge, presiding.

The facts are stated in the opinion of the court.

Campbell & Moore, for Appellant.

J. W. McKinley, Frank Kerr, and W. R. Millar, for Respondent.

ALLEN, P. J.—The action was one brought by plaintiff against defendant for the specific performance of a contract for the purchase of real estate.   The contract, made a part of the complaint, was entered into by defendant as party of the first part and W. B. Redburn & Son and plaintiff of the second part, the same being an agreement to sell and convey to the parties of the second part certain described premises consisting of a large number of lots in a tract called the "Back Bay Tract No. 1," being a subdivision of certain lands in the city of Long Beach.   The consideration price named for the lots was $31,850, $12,740 being paid at the date of the signing of the agreement, $9,555 being payable on or before the fifteenth day of July, 1906, and the balance of $9,555 on or before the fifteenth day of January, 1907, with six per cent interest upon deferred payments, payable semi-annually.   The agreement contained the usual clause providing that if default be made in any of the payments, or in any of the covenants and conditions of the contract, the whole should become due and payable and the first party given the right to cancel the contract, re-enter and take possession of the premises and retain all moneys paid as rent for the use and occupation of such premises.   It was further agreed that when all of the payments were made a deed should be given conveying a good and sufficient title to the property, free and clear of all encumbrances.   It was further

agreed that the first party should fill said land and raise it to a uniform height of at least three feet above its present elevation, or to such other height as first party might desire, not exceeding ten feet; that the first party should grade all streets in said tract, and put in cement curbs and sidewalks. Time was made the essence of the contract. Attached to such contract and a part thereof was a further agreement between the parties to the effect that if the improvements agreed to be put upon said premises by the first party were not completed within one year, second parties should be exonerated from the payment of interest for six months upon the third payment, and in case the improvements were not completed at the end of eighteen months the third payment should not be required. It is alleged in the complaint that thereafter a partition was effected between the parties of the second part by which certain of the lots were apportioned to Redburn & Son in lieu of their interest in the contract, and certain other lots apportioned to plaintiff, those apportioned to plaintiff being the lots described in the complaint and with reference to which specific performance is asked; that defendant had conveyed to Redburn & Son their apportionment of the lots; that plaintiff had made all payments required of him by the contract other than the payment specified as becoming due on the fifteenth day of January, 1907; and further alleging that none of the improvements had been placed upon said property, as specified in said contract, within the eighteen months mentioned; that plaintiff has performed all of the conditions and covenants required of him to be performed by the agreement; that said agreement was just, fair, and reasonable, and the waiver of the third payment for said lands, in case said improvements should not be completed within eighteen months from January 15, 1906, was fair and reasonable and was part of the consideration of such agreement, and was fair and adequate and was made for the purpose of inducing plaintiff to enter into said agreement with said defendant, and the enforcement of same is fair and reasonable and not to the undue advantage of either party, and that said consideration was not disproportionate to the value of said lands. There were further allegations of damage resulting from the nonperformance of the conditions of the contract upon the part of de-

fendant, with a prayer for judgment that defendant execute to plaintiff a sufficient conveyance of the property in accordance with the terms and conditions of said agreement, for damages in the sum of twenty thousand dollars, and for costs of suit.

A general demurrer to the complaint was interposed and overruled, and defendant answered, admitting the execution of the contract, but denying performance upon plaintiff's part; and alleging further that in June, 1906, plaintiff and Redburn & Son partitioned the premises between themselves, evidenced by a new and independent contract which was entered into between defendant and the respective parties to the partition; said second contract is set out in the answer and contains no provision with reference to the price which should be received for the premises in the event the improvements were not made; admits the conveyance to Redburn & Son of their share of the property so allotted by the mutual partition and the receipt by defendant of the full consideration price therefor. Defendant denies that all of the improvements were not made within eighteen months, but alleges that they were all made before the suit was commenced, except as to the matter of sidewalks and curbs; that defendant was unable to make such sidewalks and curbs because of the absence of certain ordinances requisite therefor. Defendant further alleges that at the time of the filing of the complaint herein it had filled the said lots, but there is no issue as to default having been made in the filling of such lots within the eighteen months prescribed in the original agreement. The answer, however, seeks to excuse this nonperformance of the contract because of its impracticability, in view of the fact that the Back Bay Tract comprised a large body of land which, to be filled in a proper manner, required dredging and filling of the entire tract, which could not be done within the eighteen months. Defendant denies generally those allegations of the complaint as to the reasonableness and fairness of the contract with reference to the purchase price. Plaintiff in due time filed his affidavit denying the due execution and delivery of the second contract attached to defendant's answer.

The action was tried by the court, which found the allegations of the complaint to be true, found that the contract

set up by defendant in its answer, called the second contract, was never executed and delivered; found that the partition had been made as was substantially agreed to by both parties; found that the improvements referred to in said agreement attached to the complaint were not made and constructed within eighteen months from the fifteenth day of January, 1906, the date of the contract, and that the same were not completed until long after eighteen months from such date and are not now completed, in that neither curbs nor sidewalks are laid in the streets running through said tract; that plaintiff has performed all of the conditions and covenants required of him to be performed by the contract; that the agreement to waive the third payment for said land in case said improvements should not be completed within eighteen months was fair and reasonable and was a part of the said agreement so entered into; that the first and second payments expressed in said agreement for said lands constituted the reasonable and adequate value thereof in an incomplete and unfilled condition and not disproportionate to the value of said lands; that great damage had been suffered by plaintiff, but that the same was offset and equalled by the amount of filling which had been done after the expiration of the eighteen months, and that under the terms of the contract defendant is not now required to make sidewalks and curbs; that it was not impossible to make the improvements prescribed by the agreement within the time set forth; that the agreement with reference to the waiver of the third payment was not an attempt to determine and liquidate in anticipation thereof damages to be paid or other compensation to be made to plaintiff by reason of a breach of defendant's obligation mentioned. Judgment was accordingly entered in favor of plaintiff, from which judgment defendant appeals upon a bill of exceptions.

It is very clear from the record that the second contract, being the one set out and attached to defendant's answer, was never executed; that while the signatures were thereto attached, the same was not delivered by defendant or accepted by plaintiff, and that the only contract between the parties duly executed and delivered was the contract set out and attached to plaintiff's complaint. The answer admits the partition, alleging only that it was evidenced in a particular

manner. The court finds that the same was not so evidenced.

The principal point presented by appellant is that this waiver of the third payment in default of the making of the improvements was a contract either for a penalty or for liquidated damages; that, regarding the same as one for liquidated damages, under section 1670 of the Civil Code, the same is void because from the nature of the case it was neither impracticable nor extremely difficult to fix the actual damages in the event of failure to perform the conditions, and that there is no evidence in the record tending to show the amount of actual damages, if any existed; and further, that if treated as a penalty, under section 3369 of the Civil Code, specific relief cannot be granted to enforce a penalty or forfeiture in any case. The learned trial judge in construing the agreement determined the case evidently upon the theory that the so-called waiver of the third payment was neither an attempt to liquidate damages, nor in the nature of a penalty, but was, in effect, an agreement to sell property in an incomplete condition for a fixed price, which was the cash price plus the first deferred payment, with an option to make certain improvements thereon within eighteen months, which, if made, then the price agreed upon should be the total amount specified, which included the third payment. In other words, that the specified third payment was nothing more than a stipulation as to the enhancement in value which would attach to the property in the event that the contemplated improvements were made within the specified time, and if so made that the plaintiff should pay therefor a stipulated sum; a condition somewhat analogous to a contract involving a sale of vacant property at a fixed price, with an option to construct a house thereon of certain character within a stipulated time, which, if done by the seller, an additional price should be paid therefor. We are of opinion that this is a fair construction of this contract, and so construed it is not open to the criticism offered, and does not come within the provisions of the sections of the Civil Code above cited, and that the allegations of the complaint were sufficient to warrant the relief granted.

Appellant further contends that, the action being one for the specific performance of a contract to which Redburn & Son were parties, the same could not be decreed unless Red-

burn & Son had their day in court and were concluded by the judgment. There was no demurrer on account of nonjoinder of parties, and, in addition to this, it is admitted by the pleadings that Redburn & Son had received the lots mutually agreed upon to be received by them in lieu of their interest in the entire contract; that defendant had conveyed such lots to Redburn & Son, and that they had no interest in the controversy. Under this condition of the pleadings we think the court was warranted in granting the decree in favor of plaintiff alone.

Appellant further contends that it was error for the court to grant a decree requiring specific performance of the contract by a conveyance of all of the lots, for the reason that it was alleged in the answer and found by the court that one of the lots had been conveyed by defendant to one Patterson, thereby as to such lot waiving the benefit of the contract, and which lot was included in the decree. While the finding of the court that this particular lot was subject to an agreement of sale entered into between plaintiff and Patterson is inaccurate, the record disclosing the conveyance by defendant to Patterson with plaintiff's consent, nevertheless, no prejudice could result to defendant on account of such unwarranted finding. The lot was included in the original contract of sale and the decree could only have the effect to perfect Patterson's record title. The mere sale of one or more of the lots would not have the effect to destroy plaintiff's right to have specific performance to the end that the title by him agreed to be conveyed to the purchasers might be perfected. We quite agree with appellant that under the construction of the contract as determined by the court no claim for damages could be considered. The purchasers took only the uncompleted property, and the making of the improvements was optional with the seller, who failed to avail himself of such option, and the same could not be the basis for damages. The finding of the court with reference to the value of the improvements and the damages incurred by reason of the delay may be ignored. There is no evidence in the record from which damages may be estimated, even if allowable; nor were there any allegations in the answer that would permit a finding as to the value of the improvements made after the time had expired under the contract

therefor. The action was upon the written contract. The defense was based upon defendant's construction thereof. There were no facts pleaded in the answer from which it could be claimed that plaintiff was estopped by any act to deny his liability on account of improvements made after the expiration of eighteen months. If, as a matter of fact, the improvements were made with plaintiff's knowledge and acquiescence, the court might have taken the same into consideration, but such matters would arise by virtue of an estoppel and not through the contract. Defendant having had an opportunity to plead an estoppel, if the facts warranted the same, and failing so to do, the same could not be considered by the court. Neither could the court consider the question of practicability involved in the manner of making the improvements, the right to make which within eighteen months was reserved in the contract. The contract on its face was positive in its terms, and the right to make such improvements was stipulated to terminate at the expiration of the eighteen months, and when such time had elapsed and no improvements were made, in our opinion, the property in its uncompleted condition, the value of which was determined between the parties under the contract and which is found by the court to have been the reasonable value thereof, was the price and sum agreed to be paid therefor; and it being disclosed that plaintiff had fully paid all of such contract price, he was entitled to a decree as prayed for in his complaint.

Judgment affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 29, 1913.